# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| HHS CAPITAL, LLC, et al., <br> Plaintiffs, <br><br> vs. <br><br> EQUITY MAX NETWORK, LLC, et al., <br> Defendants. | Case No. 1:18-cv-732 <br> Dlott, J. <br> Litkovitz, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff initiated this action in state court to obtain an accounting of a joint venture and assert a constructive trust over and quiet title to multiple parcels of real property located in Hamilton County, Ohio.[1] (Doc. 2). This matter is before the Court on defendant Garrett Stevenson's motion for relief from judgment. (Doc. 29).

As background, on November 19, 2018, the undersigned issued a Report and Recommendation that plaintiff's motion to strike defendant Stevenson's notice of removal be granted and that this matter be dismissed from the docket of the Court and remanded to state court. (Doc. 23). The undersigned held that there was no basis for removal under diversity or federal question jurisdiction. (*Id.* at 2-4). The undersigned also determined that defendant Stevenson's notice of removal was untimely, he was not authorized to remove the action without the consent of the defendant LLCs, and he could not act on behalf of the defendant LLCs as a pro se litigant. (*Id.* at 4-6). On January 8, 2019, the District Judge overruled defendant Stevenson's objections and issued an Order adopting the Report and Recommendation. (Doc. 27). That same day, the Clerk entered judgment dismissing the case from the docket of this Court and remanding the case to state court. (Doc. 28).

---

[1] Plaintiff PCI LLC was substituted as a party plaintiff on June 1, 2017. (*See* Doc. 3, Doc. 8 at 4).

On January 16, 2019, in addition to filing a notice of appeal with the Sixth Circuit, defendant Stevenson filed the present motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. 29). Defendant Stevenson alleges that "newly discovered evidence" exists. Defendant Stevenson alleges plaintiff's counsel should not be able to litigate this matter because he has not filed a foreign registration statement with the Attorney General under 28 U.S.C. §§ 611 and 612, the Foreign Agents Registration Act. (*Id.* at 2).

Rule 60(b) provides for relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Defendant Stevenson has not alleged any facts which suggest that relief from the Court's January 8, 2019 judgment is warranted in this case. Moreover, the alleged "newly discovered evidence" to which defendant Stevenson cites is wholly irrelevant to this matter. The Foreign Agents Registration Act "prohibits people from acting as agents of foreign principals without filing true and complete registration statements with the Attorney General." *Dubose v. Charles*, No. 2:12-cv-971, 2013 WL 12284523, at *3 (S.D. Ohio May 29, 2013) (citing 22 U.S.C. § 612(a)). This Act is inapplicable to plaintiff's attorney in this case because plaintiff is not a "foreign principal" as defined in 22 U.S.C. § 611(b). Accordingly, defendant Stevenson's motion for relief from judgment (Doc. 29) should be **DENIED**.

2

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Stevenson's motion for relief from judgment (Doc. 29) be **DENIED**.

Date: 2/26/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HHS CAPITAL, LLC, et al.,
Plaintiffs,

vs.

EQUITY MAX NETWORK, LLC, et al.,
Defendants.

Case No: 1:18-cv-732
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).